NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRIAN N. GILBERT, : | |
| : | |
| Plaintiff, : | Civil Action No. 05-5927 (JAG) |
| : | |
| v. : | |
| : | |
| DR. MAGDY WAHBA, : | **O P I N I O N** |
| : | |
| Defendant. : | |

**APPEARANCES:**

Brian N. Gilbert, Pro Se
#935567B
Mid-State Correctional Facility
P.O. Box 866
Wrightstown, NJ 08562

**GREENAWAY, JR., District Judge**

This matter comes before the Court on plaintiff Brian N. Gilbert's application for the appointment of pro bono counsel in the above-referenced civil rights case (docket entry 12). For the following reasons, the Court will deny the motion, without prejudice, and allow Plaintiff 30 days to file an amended complaint.

BACKGROUND

On December 22, 2005, Plaintiff submitted a civil rights complaint, alleging that he was denied medical care, in violation of the Eighth Amendment to the United States Constitution. In the complaint, Plaintiff alleged that since August 2005 he had

been suffering with pain when urinating. He had been seen by medical professionals on numerous occasions and had been prescribed antibiotics and Motrin for pain. He stated that his temperature was monitored, and that his urine was "clear." Plaintiff alleged in the complaint that he wanted to see a urologist, but was refused the opportunity to do so, and that he requested, but was refused, a pain killer. Plaintiff surmised that he could have prostate cancer and questioned whether he was "going to live or die" without proper medication. He asked for monetary relief.

    This Court screened the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, as Plaintiff applied to proceed <u>in forma pauperis</u>. The Court found that Plaintiff had not alleged facts indicating that defendant had been deliberately indifferent to his medical needs, as he was being treated for his medical problem, but merely disagreed with the treatment he was receiving. On February 22, 2006, this Court granted Plaintiff 45 days to address this deficiency in his complaint. The Court warned that if Plaintiff did not do so within that time period, his complaint would be dismissed.

    On April 25, 2006, Plaintiff filed a letter asking the Court for a continuance to file his amended complaint. He stated that he was attempting to find a lawyer to handle his case. On May 22, 2006, this Court granted Plaintiff's request for a

continuance, and allowed Plaintiff 30 additional days to file his amended complaint.

On June 2, 2006, Plaintiff submitted a letter to the Court, docketed as an application for counsel. Plaintiff states in the application that he "does not know what an amended complaint is," but he is "trying to find out," and that he does not have the funds to hire an attorney. He asks the Court to appoint him a lawyer to assist him because he does not know when he will be released to be able to handle the case "on his own." Plaintiff has not yet filed an amended complaint.

The defendant has not yet been served with the instant complaint.

## DISCUSSION

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). The plaintiff has no right to counsel in a civil case. See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted).

If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf.  See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time.  See Tabron, 6 F.3d at 157-58.

In the instant case, Plaintiff's complaint was recently filed, and the named defendant has not yet been served.  Further, while it appears from the face of the complaint that Plaintiff's claims do not have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling,

4

and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, the plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Likewise, in the case at issue, the Court finds that the plaintiff is capable of presenting his claims at this early stage.  He has presented to this Court without the assistance of counsel not only a Complaint, but also various letters, the instant motion for appointment of counsel, and an application to proceed in forma pauperis.  The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel.  In that case, the Court will consider a renewed motion for appointment of counsel.  At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

The Court will grant Plaintiff yet another continuance to file an amended complaint, in accordance with this Court's February 22, 2006 Opinion and Order.  However, if Plaintiff fails to file an amended complaint within 30 days from the date of entry of the attached Order, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be

granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff's application for appointment of pro bono counsel will be denied, without prejudice to Plaintiff renewing his motion if the litigation proceeds. An appropriate Order accompanies this Opinion.


                                           S/Joseph A. Greenaway, Jr.
                                           JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July 24, 2006